*346 OPINION of the Court, by
Ch. J. Edwards. — >
The circuit court of Montgomery, on the motion of the plaintiff in error, at their October term in 180?, quashed the replevin bond and execution that had issued thereon. At a succeeding term the defendant, without having given any notice to the securities in the said bond, applied to the court to rescind the order by which the bond had been quashed ; which was done by the court, and the propriety of which is the question submitted to this court by the assignment ®f error. Were this a new *347 «ase, the court could have no hesitation in deciding upon principle, that the circuit court having pronounced an opinion between the parties, having given a judgment which so far as related to the bond, put the obligors out of court, they could not at a subsequent term revise and correct their former opinion, however erroneous it might have been, nor could there be any redress but by application to an appellate tribunal. And this seems so clearly correct that it is difficult to conceive, upon what principles, or for what reasons, the circuit court could have thought otherwise. In this case the judgment was not only that the bond and execution should be quashed, but that the plaintiff should have costs ; thus it is clearly a judgment for the plaintiff, and however erroneous it may be, if no steps should be taken.within the time limited by law for suing out writs of error, it will be as conclusive, operative and binding, as any judgT ment that ever was given. A judgment once given by a competent tribunal, is obligatory upon the parties till it is reversed (not by the court that gave it, for it has no greater powers at the latter than it had at the former term,) but by a court of revision with power to nullify it. If it should be thought that the circuit court could, reverse its. decision given at a former term, because it was palpably erroneous, the answer is, that it was for the purpose of correction that the appellate tribunal was constituted ; but for the errors of inferior tribunals, il would have nothing to do ; and that it exclusively possesses the power of correction in such cases as the present ; that it possesses the right to correct, has not been denied, but it appears to have been thought that the circuit court possesses a concurrent right. To demonstrate the impropriety of this position, let us only view its operation : at one term the court, exercising its best judgment, quash the bond ; at a subsequent term, believing that they had predicated their judgment on a misinterpretation of the law, they rescind it ; at the next term, being satisfied that though their first judgment was. erroneous, yet that they had no control over it at the subsequent term, they then rescind their rescinding order, &c. See. Where then is to be the end, if this doctrine is correct ? how long is the cause to be thus vibrating in the inferior court, before the appellate court becomes entitled to exclusive jurisdiction and control, oves *348 Et ? The cases of Coleman vs. Harrison circuity and Cravens vs. Brodnax, (a) established the principles contained in this opinion. — —Judgment reversed.
A circuit court has no power to re-verfe its own judgment after term is passed and parties are out of court.

 Hard. 172.